**FILED**
**U.S. District Court**
**District of Kansas**
07/02/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WALTER LALIMO,

**Plaintiff,**

v.                                                        **CASE NO. 26-3167-JWL**

BILLY TOMASI, et al.,

**Defendants.**


**MEMORANDUM AND ORDER**

Plaintiff and state prisoner Walter Lalimo filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is currently incarcerated at the Crawford County Jail ("CCJ") in Girard, Kansas and has been granted leave to proceed in forma pauperis and without payment of an initial partial filing fee. (Doc. 4.) The Court has reviewed the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him. In addition, for the reasons stated below, Plaintiff's pending motion (Doc. 3) will be granted in part and denied in part.

I.    **Nature of the Matter before the Court**

Plaintiff names as Defendants in this matter Billy Tomasi, the Sheriff of Crawford County, Kansas, and CCJ Superintendents Sergeant Michelle Meins and Lieutenant Charlotte Westhoff. (Doc. 1, p. 1-3.) Plaintiff is a Marshall Islander and has difficulty speaking and understanding English. *Id.* at 3. As the background of this case, Plaintiff asserts that in or around January 2026, Defendants Westhoff and Meins suspended Plaintiff's kiosk privileges after another inmate at the

1

CCJ bullied him. *Id.* at 2-3. Because Plaintiff could not use the kiosk, he was unable to access his incoming mail, submit grievances, or request medical care. *Id.* at 3.

Plaintiff contends that while his kiosk privileges were suspended, he contracted a fungal infection of his skin, which spread rapidly, was painful, and constantly itched, but he was unable to receive medical treatment. *Id.* Plaintiff further asserts that the fungal infection caused excessive shedding of dead skin and a painful rash that bled, burned, and covered him from head to toe. *Id.* at 2-4. After Plaintiff began to learn English and receive assistance from English-speaking inmates, who confronted CCJ staff about their treatment of Plaintiff, Plaintiff's kiosk access was restored and his "back-dated mail" was produced to him. *Id.* at 4. Plaintiff was then able to submit back-dated grievances and communicate with medical staff. *Id.* Plaintiff has received medicine for the fungal infection, but it is "not effective [and] they do not care." *Id.*

In Count I of the complaint, Plaintiff asserts that his medical and mail access were restricted for 4 to 5 months. *Id.* at 4. As supporting facts for Count I, Plaintiff relies upon the kiosk restriction and the lack of treatment for his fungal infection. *Id.* In Count II, Plaintiff asserts the denial of medical treatment despite obvious signs of skin disease. *Id.* Plaintiff further alleges that he was called "nasty," "stinky," and "dirty," and CCJ staff failed to verbally inform medical staff of his condition. *Id.* Plaintiff also states that the treatment he has received since his kiosk privileges were restored has failed to cure the fungal infection; he remains in pain, suffering from the infection and ringworm "all over" his body. *Id.*

In Count III, Plaintiff alleges that Defendant Westhoff has told him to "'[f]uck off,'" said that another inmate who is helping Plaintiff is a "'bad person,'" and said that she "'doesn't give a shit about [Plaintiff's] problems.'" *Id.* at 5. As supporting facts for Count III, Plaintiff identifies witnesses to Defendant Westhoff's behavior and her indifference to his medical needs. *Id.* Plaintiff

claims that he has exhausted his administrative remedies with respect to his claims. *Id.* at 6. Plaintiff seeks the following relief: (1) immediate medical treatment; (2) a referral to an outside dermatologist; (3) a preliminary injunction ordering that he be treated by an outside dermatologist; (4) $50,000,000 in money damages; (5) nominal damages; and (6) a court-appointed attorney.[1] *Id.* at 6.

## II.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal

---

[1] Plaintiff also states in his prayer for relief that he seeks "Sheriff Billy Tomasi, Lt. Westhoff, Sgt. Meins, Individual/Official Capacity w/ Jury Demand." (Doc. 1, p. 6 (all errors in original).) Even liberally construing the pro se complaint, the Court cannot determine what relief this statement is meant to request.

3

is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.    Discussion

### A.  Defendants

This matter is subject to dismissal as it is brought against Defendant Tomasi because the complaint does not sufficiently allege his personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*,

4

523 F.3d 1147, 1162 (10th Cir. 2008). An allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Even liberally construed, the pro se complaint in this case does not allege that Defendant Tomasi took or failed to take any action. Other than identifying Defendant Tomasi as the Crawford County Sheriff, the complaint does not refer to Defendant Tomasi. Therefore, Defendant Tomasi is subject to dismissal from this case because Plaintiff has not sufficiently alleged his personal participation in a violation of Plaintiff's federal rights.

## B. Failure to State a Plausible Claim for Relief

With respect to Plaintiff's claims against the two remaining Defendants—Westhoff and Miens—this matter is subject to dismissal because it fails to allege the violation of a federal right. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right *secured by the Constitution and laws of the United States. . . .*" *See West,* 487 U.S. at 48 (emphasis added). "After all, '§ 1983 "is not itself a source of substantive rights," but merely provides 'a method for vindicating *federal* rights elsewhere conferred.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (emphasis added) (unpublished) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). To this end, the form the Court requires prisoner plaintiffs to use for complaints under 42 U.S.C. § 1983 directs that for each count a plaintiff "allege that the following of my constitutional rights, privileges, or immunities have been violated." (*See* Doc. 1, p. 4.)

Despite this instruction, Plaintiff has not identified any specific constitutional provision or federal right that he believes was violated. The liberal construction afforded Plaintiff's complaint since he proceeds pro se

> means that if the court can reasonably read the pleadings to state a valid claim on
> which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite

5

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall*, 935 F.2d at 1110.

Liberally construing the pro se complaint now before this Court, Counts I and II may be intended to assert the violation of Plaintiff's Constitutional right to adequate medical care under either the Eighth Amendment—if Plaintiff is in the CCJ because of a criminal conviction—or the Fourteenth Amendment—if Plaintiff is in the CCJ as a pretrial detainee. Under either amendment, the test for denial of medical care, or deliberate indifference to a serious medical need, is the same. *See Estate of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1262 (10th Cir. 2022) ("'The Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care that the Eighth Amendment requires for convicted inmates.' [Citation omitted.]"). Because both Counts I and II involve claims that Plaintiff was denied medical treatment, the Court will address them together. (*See* Doc. 1, p. 4.)

The test for unconstitutional denial of medical treatment or deliberate indifference to a serious medical need involves two components, one objective and one subjective. *Paugh v. Uintah County*, 47 F.4th 1139, 1154 (10th Cir. 2022), *cert. denied* June 26, 2023.

> The objective component focuses on the "seriousness of the plaintiff's alleged harm," and the subjective component focuses on 'the mental state of the defendant with respect to the risk of that harm."
>
> . . . .
>
> To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self* [*v. Crum*], 439 F.3d [1227,] 1230 [(10th Cir. 2006)] (quoting *Farmer* [*v. Brennan*], 511 U.S. [825,] 834 [(1994)]). Generally, a medical need qualifies as "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment" or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock* [*v. Colo.*], 218 F.3d [1205,] 1209 [(10th Cir. 2000)]

6

(citation omitted).

*Paugh*, 47 F.4th at 1154-55. In addition, "[m]edical delays can be sufficiently serious if they cause substantial harm, such as 'permanent loss[] or considerable pain.'" *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (citations omitted).

To satisfy the subjective part of the test, Plaintiff must show that each defendant "was aware of a substantial risk of serious harm and chose to disregard that risk." *Id.* at 794. The Tenth Circuit has explained that there are two "theories" under which a plaintiff can satisfy the subjective component of this test:  the "failure to properly treat theory" and the "gatekeeper theory." *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023). The first occurs when a medical professional fails to properly treat a serious medical condition. *Paugh*, 47 F.4th at 1154.

The second theory, which appears to be the basis for Counts I and II, occurs when an individuals referred to as "a gatekeeper" "'prevents an inmate from receiving treatment or deny him access to someone capable of evaluating the inmate's need for treatment.'" *Id.* (quoting *Sealock*, 218 F.3d at 1211). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). Although "this case may look different" once the relevant defendant has the "'opportunity to clarify and explain [his or her] actions,'" at this point the Court must decide "'only whether [Plaintiff] has alleged sufficient facts to support a claim.'" *See Lucas*, 58 F.4th at 1142 (citations omitted).

The problem in the complaint now before this Court is that Plaintiff has not alleged specific facts that show a named Defendant knew of and disregarded an excessive risk to Plaintiff's health.

7

Plaintiff does not identify who called him nasty, stinky, or dirty, nor does he explain which named Defendant "[n]eglected to verbally go telling Medical [he] was experiencing an extreme fungus skin disorder" or why that Defendant should have done so. (*See* Doc. 1, p. 4.) General allegations of acts not specifically attributed to an individual make it "impossible for any of these individuals"—or the Court—"to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins*, 519 F.3d at 1250. Therefore, Plaintiff has failed to clearly "isolate the allegedly unconstitutional acts of each defendant" with respect to denying Plaintiff access to medical care. *See Twombly*, 550 U.S. at 565 n. 10.

In addition, Count I briefly references the long delay in delivering outside mail to Plaintiff. (Doc. 1, p. 4.) The Tenth Circuit has held that other than "correspondence with designated public officials, the courts, and the prisoner's attorney, for certain purposes," "the regulation of incoming and outgoing prison mail is essentially an administrative matter in which the courts will not intervene." *Wilkerson v. Warden of U.S. Reformatory, El Reno, Okl.*, 465 F.2d 956, 957 (10th Cir. 1972). Although certain legal mail receives special protections, *see Wolff v. McDonnell*, 418 U.S. 538, 575-77 (1974), Plaintiff has not described the nature of the mail withheld from him, nor provided any details about the mail beyond noting that some of it was "backdated . . . from 2024." (Doc. 1, p. 4.) Thus, Plaintiff has failed to state a plausible claim that withholding his mail violated his federal or constitutional rights.

For the reasons set forth above, Counts I and II are subject to dismissal for failure to state a plausible claim on which relief could be granted. Plaintiff will be granted time to file an amended complaint that states a plausible claim for relief against a named Defendant. Further guidance regarding the amended complaint will be set forth below.

Turning to Count III, Plaintiff has failed to identify the federal or constitutional right he

believes was violated and even construing Count III liberally, the Court cannot reasonably read it to state a valid claim on which Plaintiff could prevail. "In general, verbal harassment or abuse is insufficient to state a constitutional deprivation in a jail setting." *Ward v. Lyon Cnty. Sheriff's Dept.*, 2020 WL 2735751, *4 (D. Kan. May 6, 2020) (unpublished) (citations omitted); *See also Mueting v. Unified Sch. Dist. No. 443*, 2025 WL 1311029, * (D. Kan. May 6, 2025) (unpublished) ("[U]ndesirable conduct does not automatically equate to unconstitutional conduct."); *Green v. Montgomery Cnty. Jail*, 2022 WL 2340856, *2-3 (D. Kan. June 29, 2022) (unpublished) (holding that allegation that corrections officer's conduct was "rude, improper, unethical, and unprofessional" was "insufficient to state any claim of constitutional significance"). "[M]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutional violation where plaintiff claimed guard antagonized him with sexually inappropriate comment).

Count III alleges that Defendant Westhoff made statements that Plaintiff describes as "rude, unprofessional, and obscene." (Doc. 1, p. 5.)  It does not, however, state a plausible claim that Defendant Westhoff violated Plaintiff's federal or constitutional rights by making these comments. Accordingly, Count III is subject to dismissal from this case for failure to state a plausible claim for relief under 42 U.S.C. § 1983.

### C. Preliminary Injunctive Relief and Appointment of Counsel

In the complaint, Plaintiff briefly asserts requests for a preliminary injunction and for the appointment of counsel. (Doc. 1, p. 6.) Plaintiff is advised that in the future, he must submit such requests as distinct motions seeking such relief. Simply including them in a pleading such as a complaint is not sufficient. *See Walker v. Kansas*, 2025 WL 2614142, *6 (D. Kan. Sept. 10, 2025)

(unpublished). Because Plaintiff proceeds pro se, however, the Court has considered the requests.

There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if Plaintiff's request for counsel is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a plausible claim against a named defendant; (2) the issues are not yet

clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court denies Plaintiff's current request for appointment of counsel without prejudice to Plaintiff filing a motion for appointment of counsel if this matter survives screening.

Plaintiff also seeks preliminary injunctive relief in the form of an order that he receive certain medical referrals and treatment. (Doc. 1, p. 6.) A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

This case is in the screening phase and is subject to dismissal because Plaintiff has not stated a plausible claim for relief against a named Defendant. Therefore, it cannot be said that Plaintiff has shown a likelihood that he will succeed on the merits of any claim in this matter. The request for preliminary injunctive relief is denied.

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is given the opportunity to file a complete and proper amended complaint upon the required, court-

approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (26-3167) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation, as discussed above. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

### V.  Motion to Accept 1983 without Grievances (Doc. 3)

With his complaint, Plaintiff submitted a "Motion to [Acc]ept 1983 [w]ithout Grievances Because Staff Will Not Print Them," which states that Plaintiff has exhausted his available administrative remedies but cannot provide documentation of exhaustion to the Court because CCJ staff refuse to print or answer his grievances. (Doc. 3.) Although the title of the motion asks the Court to accept his complaint, the body of the motion asks the Court to subpoena the relevant

12

documentation or order a *Martinez* Report regarding exhaustion. *Id.* To the extent that the motion asks the Court to accept Plaintiff's complaint despite the lack of proof that he has exhausted administrative remedies, it is granted. For the reasons explained below, however, to the extent that the motion asks the Court to order production of such proof at this time, it is denied.

The Prisoner Litigation Reform Act ("PLRA") requires that a prisoner may not bring an action "with respect to prison conditions under section 1984 of this title, or any other Federal law, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners used to be "required to 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *See Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)). But more recently, the United States Supreme Court held: "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *See Roberts*, 484 F.3d at 1240 (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Thus, during this screening phase of these proceedings, when no defendant has yet been served, Plaintiff need not submit evidence that he exhausted administrative remedies.

Moreover, the Tenth Circuit has held "that the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts*, 484 F.3d at 1241. If this case passes screening and a defendant later raises failure to exhaust as an affirmative defense, Plaintiff will at that time have the opportunity to submit evidence showing either that he exhausted administrative remedies or that such remedies were unavailable to him. Currently, however, there is no need for the Court to order production of such evidence.

13

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 7, 2026**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS FURTHER ORDERED** that the motion (**Doc. 3**) is **granted in part and denied in part** for the reasons stated in this order.

**IT IS SO ORDERED.**

DATED:  This 2nd day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge